John B. F. Russell and Francis Peyton, plaintiffs in
error, *v.* Richard J. Hamilton, Commissioner of
School Lands for Cook County, Illinois, defendant in
error.

*Error to the Municipal Court of the City of Chicago.*

*Non est factum* may be pleaded to an action on a promissory note, though the plea
be not verified by affidavit.

A plea to an action upon a promissory note, that the plaintiff had obtained judg-
ment upon a mortgage executed to secure the payment of the same debt for
which the note was given, is bad for not averring that the judgment had been
paid.

In an action by a commissioner of school lands upon a note made to him for the
use of the inhabitants of a certain township, the inhabitants of that township
cannot be jurors.

The twenty per centum interest given by the statute against a borrower of a por-
tion of the school fund, for a failure to pay the same promptly, is a penalty, and
cannot be recovered in an action on the note given for the money loaned, unless
there is an averment of the forfeiture of the penalty in the declaration.

This cause was heard in the Court below, at the September
term, 1838, before the Hon. Thomas Ford.   Judgment was ren-
dered for the plaintiff.

J. Butterfield and Fr. Peyton, for the plaintiffs in error.

Giles Spring, for the defendant in error.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *debt* commenced by Hamilton, Commissioner, &c., against Russell and Peyton, on a sealed promissory note. It appears from the note, that the money due thereon belonged to the inhabitants of township thirty-nine North, range fourteen East. The defendants pleaded four pleas. To the first and fourth, the plaintiff below demurred, and the Court sustained the demurrer. The first plea was *non est factum*, and the fourth plea states that the plaintiff below had obtained judgment against Russell on a mortgage executed to secure the same debt, but contains no averment that the judgment had been satisfied. The Court below decided erroneously in sustaining the demurrer to the defendant's first plea.

The plea of *non est factum* may be pleaded, notwithstanding it is not verified by affidavit.(1)

The fourth plea was clearly bad for not averring that the judgment against Russell had been paid. A great number of other errors have been assigned ; it is however necessary to notice but the two following, to wit. The Court overruled objections to persons sitting on the jury who were inhabitants of township thirty-nine North, range fourteen East. And the Court instructed the jury that they might allow twenty per cent. damages, although no such damages were claimed in the declaration. The Court erred on both points. In the case of Wood *v.* Stoddard, *qui tam* (2), the plaintiff below brought an action to recover of the defendant below a sum received by him for excessive interest, under the act for preventing usury, one moiety of which was directed to go to the use of the poor in the town where the offence was committed, and the other to the person prosecuting. The jury were inhabitants of the town where the offence was committed. The defendant below challenged all the jurors as being interested ; but the objection was overruled and the jurors sworn. The Court say " The relaxation of the rule as to questions of interest, has never been extended to jurors. They must be *omne exceptione majores*, free from every objection, and wholly disinterested." The twenty per cent. given by the statute is a penalty on the party for not paying the debt and interest ; and must be declared for if the plaintiff seeks to recover it.(3) The record in this case exhibits the informality of proceeding to trial on the replications to the defendants' second and third pleas, without issue being joined by the defendants. These irregularities must be corrected in the Court below.

(1) Longley *et al. v.* Norvall, 1 Scam. 389.  (2) 2 Johns. 194.
(3) Hamilton *v.* Wright, 1 Scam.

The judgment, for the reasons above given, is reversed with costs; and the cause remanded to the Circuit Court of Cook county, with directions to cause the pleadings to be perfected as herein directed, and then that a *venire de novo* be awarded.

*Judgment reversed.*