No. 25.—The Mayor, &c. of Columbus, plaintiffs in error, *vs.* Richard R. Goetchius, defendant.

[1.] The citizens of an incorporated City, who are liable to be taxed for the payment of the verdict, are incompetent to sit as special jurors on the trial of a cause in which the City Council are defendants.

[2.] Where the Court charges the law correctly to the Jury, although prefaced by some preliminary remarks, not affecting the merits of the controversy between the parties, a new trial will not be granted.

[3.] It is competent for a Juror whose verdict is impeached, on the ground of a previously expressed opinion against one of the parties, by the affidavit of a third person as to declarations made by the Juror previous to the trial, to support his verdict by an affidavit denying such declarations, or in explanation thereof; and when the declarations, so imputed to the Juror, are denied, or satisfactorily explained, a new trial will not be granted.

Trover, in Muscogee Superior Court.   Tried before Judge Alexander, May Term, 1849.

Richard R. Goetchius commenced an action of trover, with a count in case, against the City Council of Columbus, for the value of a negro man, Crawford.   On the trial, at May Term, 1849, the plaintiff objected to certain persons on the Grand Jury list serving as Jurors, on the ground that they were citizens of the City of Columbus.   The Court ruled them incompetent, and defendants below excepted.

Defendants' counsel suggested that there were other persons on the Jury who were also citizens of Columbus.   The plaintiff waived any objection to them.   The Court announced to the defendants, that they might challenge for that cause if they thought proper so to do.   Which the defendants declining to do, the Court refused to discharge them.   To which ruling defendants excepted.

The evidence disclosed upon the trial, that in 1843 the small pox broke out in the white family of Dr. Chipley, the City Physician of Columbus.   The City authorities placed a guard around the lot, and would permit no one to enter or come out.   Crawford, a negro man, mechanic, the property of Goetchius, had a wife on the lot, and being there was retained by the guard.   Some twenty days thereafter, Crawford was attacked with confluent small pox, while on the lot, and there died.   During his sickness

he was in a small house, sixteen by twenty feet, with one door and one window, but no chimney. The witness saw no one paying any attention to Crawford. Dr. Boswell testified that he notified the City Physician that the house was too small, and not well ventilated. The negro was lying on blankets, and the pustules breaking, the oozing matter caused the hair or nap of the blanket to adhere to the flesh, and thus the negro became one mass of filth and corruption. Dr. B. testified, that nineteen out of twenty die with confluent small pox where they have not been vaccinated. There are twenty chances to one that the negro, if vaccinated, would have recovered. The general average for the breaking out of this disease is from twelve to fourteen days. It was in evidence that the boy had been at large before he had recovered from the disease. It was also proven that Dr. Chipley himself had an attack of varioloid about the same time; that Crawford was treated in the same way with other negroes belonging to Dr. C. and attacked with the disease.

The testimony of Jacob G. Moses, the Mayor of the City for the year 1843, taken by commission, was offered in evidence by the plaintiff. Defendants' counsel objected to the following : " And in regard to the plaintiff's calls upon the witness relative to Crawford, witness recollects distinctly that nothing on the subject would have been listened to except through the action of the defendants."

The Court overruled the objection, and defendants excepted.

In charging the Jury the Court remarked, " That the case they were called upon to decide was of five years standing in the Court; that there had been two mistrials in the case, attributable in the opinion of *counsel,* as the Court supposed, to the fact that citizens of Columbus composed in part the Juries which tried the cause; that upon objections to such Jurymen, the Court had required them to be impannelled from non-residents of the City, having no interest in the issue between the parties. The Court trusted, that under the evidence submitted, and the instructions of the Court as to the law involved, they would be enabled to make a verdict satisfactory to the parties, and so relieve the business of the Court of this old and troublesome matter of litigation."

To this part of the charge defendants excepted.

The Jury found a verdict for the plaintiff; whereupon defend-

Mayor, &c. of Columbus *vs.* Goetchius.

ants moved a new trial, on the ground of the decisions complained of, and before set out, and the farther ground, that James C. Cook, one of the Jurymen, had formed and expressed an opinion in favor of the plaintiff previous to the trial, which was unknown to defendants' attorneys.

In support of this ground, defendants introduced the affidavit of one Andrew P. Jones, who swore, that on the morning before the trial, in a conversation with Cook, he remarked "that the City Council ought to have removed Crawford away from Dr. Chipley's when he was first found there; that it was a long time before Crawford took the small pox, and if he had been removed at once, he would, in all probability, not have taken it at all."

Plaintiff, on the hearing, produced the affidavit of Cook, the Juryman, who swore, that the remark he made to Jones was a casual one, founded upon rumor, and to the effect, "that if the Council thought the negro would spread the small pox, they ought to have put him off in the hospital;" that he had forgotten the conversation until recalled by the affidavit of Jones, and that in making up his verdict he was governed solely and exclusively by the evidence under the charge of the Court.

The Court refused the motion for a new trial, and counsel for defendants excepted.

And upon these several exceptions error was assigned.

JAS. JOHNSON, for plaintiffs in error, cited—

*Greenleaf,* 197.   7 *J. J. Marshall,* 416.   2 *McCord,* 157.   3 *Kelly,* 261.   1 *Ib.* 235, 486.   9 *Cow.* 674.   5 *Ga. Rep.* 112.

H. L. BENNING, for defendant in error, cited—

5 *Ga. Rep.* 141, 443.   3 *Bl. Com.* 363.   *Graham on New Trials,* 341, '6, 405, '8.   1 *Kelly,* 381.

*By the Court*—WARNER, J. delivering the opinion.

The first ground of error assigned to the judgment of the Court below is, in sustaining the plaintiff's objection to the citizens of Columbus being competent Jurors for the trial of the cause, inasmuch as they were liable to be taxed for the payment

of the verdict which might be recovered against the defendants in the Court below.

[1.] The Court did not err in its judgment in sustaining the objection to the Jurors who resided within the corporate limits of the City. Jurors may be challenged, *propter affectum*, for suspicion of bias or partiality. This may be either a principal challenge, or to the favor. A principal challenge is such, where the cause assigned carries with it *prima facie* evident marks of suspicion, either of malice or favor, as that a Juror is of kin to either party within the ninth degree; that he has been arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a Juror in the same cause; that he is the party's master, servant, counsellor, steward or attorney, or of the *same society* or *corporation* with him—all these are principal causes of challenge which, if true, cannot be overruled, for Jurors must be *omni exceptione majores.* 3 *Bl. Com.* 363. Where a *qui tam* action for usury was brought under a Statute, which provided one moiety of the sum recovered should go to the party prosecuting the action, and the other moiety to the poor of the town where the offence of usury was committed, it was held, that the Jurors who were inhabitants of the town where the usurious sum of money was received, were not competent Jurors to sit on the trial of the cause. *Wood vs. Stoddard,* 2 *John. Rep.* 194. In that case, the inhabitants of the town were interested for the plaintiff to recover, for the benefit of the poor of the town, whom they were compelled to support by taxation, and the effect of the recovery for the benefit of the poor of the town would relieve the inhabitants from the payment of taxes to the extent of such recovery. In this case, the citizens of the City of Columbus would be liable to be taxed for the payment of the verdict which might be recovered from the defendants, and, therefore, were not wholly *disinterested. Hesketh vs. Braddock,* 3 *Burrow's Rep.* 1847. The plaintiff below did not challenge all the Jurors who were citizens of Columbus; whereupon, the defendants insisted the plaintiff should challenge *all* the citizens of Columbus who were on the Grand Jury list, which the plaintiff declined doing. The Court announced to the defendants, that they might challenge the Jurors for the same cause as the plaintiff had done, which the defendants declined doing; and, as neither

party challenged the remaining Jurors who were inhabitants of the City, the Court refused to discharge them; whereupon the defendants excepted. There is no foundation for this objection. It was the privilege of the plaintiff to challenge the Jurors who were inhabitants of the City, or not, and if he thought proper to *waive* his right of challenge, the defendants had no right to complain—certainly not after the Court gave to them the right to challenge the remaining Jurors for the same cause as the plaintiff had done, and they declined to exercise it.

The testimony of Moses, the former Mayor of the City, was offered by the plaintiff for the purpose of showing that the negro Crawford, was confined by the order of the defendants. The witness stated that "in regard to the plaintiff's calls upon him relative to Crawford, he recollects distinctly, that nothing on the subject would have been listened to, except through the action of the defendants." To the admission of this part of the testimony of the witness, the defendants excepted. To enable the plaintiff to recover, it was necessary for him to show that the slave, Crawford, was confined by the orders of the defendants, and the testimony of Moses, who was Mayor of the City at that time, and which is excepted to, when taken in connexion with the other part of his answers, as appear on the record, manifestly conduces to prove the fact of the *detention* of the negro by the defendants, and was properly admitted by the Court below.

[2.] With regard to the *preliminary remarks* of the Court to the Jury, as contained in the record, we cannot say there existed any *necessity* for the Court to have made them, so far as concerned the *merits* of the controversy between the parties; yet, we find no error in law, in the charge of the Court, which would authorize the interference of this Court. After the Jury found a verdict for the plaintiff, the defendants moved the Court below for a new trial, which being refused, the defendants excepted.

[3.] The motion for a new trial was based on the grounds which have already been considered, as well as the additional ground, that Cook, one of the Jurymen, had formed and expressed an opinion in favor of the plaintiff previous to the trial, which was unknown to the defendants or their attorneys.

This motion is supported by the affidavit of Jones, which does not establish any settled opinion entertained or expressed by the Juror against the defendants, but all improper inferences

which might possibly be drawn against the verdict from the state-
ment of Jones, are fully rebutted and explained by the affidavit
of the Juror himself in support of the verdict. *Ramadge vs.
Ryam*, 23 *Eng. Com. Law Rep.* 296.\*    We find no error in this
r.·cord.

Let the judgment of the Court below be affirmed.

---

\*See *Monroe vs. The State*, 5 *Ga. Rep.* 85.—[Rep.]