Bailey *v.* Town of Trumbull.

EVELINA BAILEY *vs.* THE TOWN OF TRUMBULL.

In a suit against a town for an injury from a defective highway, a juror who was a considerable land-owner and tax-payer of the town sat in the case and joined in a verdict against the town. The town moved in arrest of judgment for this cause. It appeared that the juror had been such land-owner and tax-payer for several years. Held that the interest of the juror was a disqualification, but that the fact of his interest must be regarded as known to the public officers of the town, and especially to the selectmen, its general agents, whose duty it was to make out and certify the rate-bills of the town, and that the town must be regarded as having waived the objection by going to trial without making it.

The injury was received by the plaintiff from the upsetting of a wagon at a place in the highway claimed to be defective. It appeared that for three or four rods the side of the road was depressed toward a ditch, that the road was narrow and the ditch on its margin, that the track was covered with ice and snow, that there was no railing, and that there was no substantial variation in the condition of the road for the whole distance. The plaintiff, for the purpose of showing that the road was dangerous to travelers, offered evidence that on the next day, and before any change had been made in the road, a cart was upset there in the same manner. The defendants objected to the evidence on the ground that the place of the latter accident, though within the space described, was fifteen or twenty feet from the place where the accident happened to the plaintiff. Held that the evidence was not inadmissible on this ground.

Whether, if the objection had been taken to the evidence generally, it should not have been held inadmissible as raising a collateral issue : *Quere.*

ACTION on the statute, for an injury from a defect in a high-way. Tried in the superior court before *Phelps, J.* Verdict for the plaintiff. Motion in arrest of judgment, and a motion for a new trial, by the defendants. The former motion, with the facts found upon it, was reserved with the latter for the advice of this court. The case is sufficiently stated in the opinion.

*Belden* and *Loomis*, in support of the motion.

*Beardsley*, contra.

HINMAN, C. J. There is in this case a motion in arrest, on the ground that one of the jurors who tried it, and joined in the verdict, was the owner of real estate in the defendant town, and a tax-payer therein. No doubt this was such a dis-qualification of the juror, that, had the fact come to the knowledge of the court before the trial commenced, he would have been set aside and his place supplied by another. But the interest of the juror was altogether in favor of the town against which the verdict was rendered, and as the plaintiff does not complain of it, as perhaps she might, on the ground that she would probably have recovered a larger sum had not the influence of the interested juror prevented it, it seems ungracious in the town to attempt to take advantage of it, as it seems impossible that the town could in any way have been

injured. The juror had been a land-holder in the town, and had been assessed as such, and taxes had been imposed on him there, for some years previous to the time of the trial; and this appeared by the records, assessment lists and rate-bills in the proper offices in the town; and the amount of his property there, some $3,000, probably made him a larger land-holder than a majority of the inhabitants of the town. Now in order to impose and collect these taxes upon the juror, the fact of his being a land-owner in the town must have been known, not only to the town clerk, assessors, collector and board of relief, but to the selectmen, the regular financial as well as general agents of the town, whose duty it was to make out the rate-bills and certify to their correctness. And it does not appear that any inquiry was made of the jurors as to the fact whether any of them were inhabitants or tax-payers of the town, or were so nearly related to any of its inhabitants or tax-payers as to be disqualified from sitting as jurors on the trial of the cause. These inquiries, which are always put to jurors in cases where corporations having numerous members or stockholders, some of whom or whose near connections are very likely to be among the jurors, would have brought the fact of this juror's interest to the knowledge of the court. And considering the great probability that the selectmen, or other managing agents of the town, would, if they thought it important, have informed the counsel for the defense of the juror's interest, considering also that his interest was altogether in favor of the town, and that the objection to his sitting upon the trial is, in respect to the town, of the most technical character, we think it not unreasonable to hold that any objection on the ground of any of the jurors' being interested in favor of the town was under the circumstances intentionally waived by the defendants; and on this ground we advise the superior court to overrule the motion in arrest.

On the motion for a new trial it appears that the plaintiff was riding in an omnibus, which was upset into a ditch or gutter by the side of the highway, in consequence, as she claimed, of a defect in the highway, and she was thereby injured. She was permitted to prove without objection, that

on the morning following the accident, before any change had been made at the place, a loaded cart drawn by oxen was also upset into the same ditch. But the defendant claimed that the cart entered the ditch at a point some fifteen or twenty feet below where the omnibus entered it, and on the ground that the places where the two accidents occurred were not precisely the same, the evidence was objected to. But if it was admissible at all to prove the condition of the road by proving that other accidents had happened at the same place, upon which it is unnecessary to remark, since the evidence was not objected to generally, we are satisfied that it was not objectionable on the ground that the place of the second accident was not the same as that where the omnibus went off the road and upset. Both accidents occurred upon the same side hill ; the road was also the lowest on the side nearest to the ditch, or, as it is described in the motion, was sideling and descended toward the ditch, and there was no guard, railing, or barrier of any kind to protect wagons from sliding into the ditch, though there was snow and ice upon the road. The road was narrow and the ditch was upon its margin for some three or four rods where it was in this condition. Here certainly is very strong evidence of the defective and unsafe condition of the highway along the whole length of this ditch or gutter ; and it does not appear that there was any substantial difference in its condition for this whole distance of three or four rods ; and indeed no material difference for this distance was claimed. It was all upon the side of a hill and inclined toward the ditch and was slippery with ice and snow and there was no barrier between the road and the gutter. The court therefore treated it as substantially the same place for these three or four rods, and we think properly so regarded it. It was in substance the same place for the purposes of the case, though the omnibus may have gone into the gutter some fifteen or twenty feet from where the cart went into it.

We place our decision that there was no error in admitting the evidence upon the special ground that the objection was not made to the evidence generally, but was grounded exclusively upon the difference in the places where the two accidents

occurred.    We do not intend to be understood as sanctioning the idea that, had the objection been general, it would have been admissible ; since it may certainly be very questionable, to say the least, whether it is not liable to the objection of raising new issues, and thus tending to render trials interminable, to admit evidence of this description.

We do not advise a new trial.

In this opinion the other judges concurred.

---

## SUPREME COURT OF ERRORS.

### WINDHAM COUNTY, OCTOBER TERM, 1863.

Present,

HINMAN, C. J., SANFORD, BUTLER, DUTTON AND McCURDY, Js.