CAROLINE GIBSON, *as Adm'x,* v. THE CITY OF WYANDOTTE.

1. TAXPAYERS IN CITIES, *When Incompetent Jurors.* A resident citizen and taxpayer of a city, is incompetent to serve as a juror in an action wherein the city is sued to recover damages for personal injuries resulting in the death of the injured party.

2. CONTRIBUTORY NEGLIGENCE; *General Rule Stated.* In an action against a city to recover damages sustained by reason of the death of a person resulting from injuries occasioned by the negligence of the city, if it appears from the whole evidence that the deceased contributed by his own negligence to the injury which caused his death, the plaintiff cannot recover.

*Error from Wyandotte District Court.*

JUDGMENT was given in favor of the *City of Wyandotte,* defendant, at the March Term 1874 of the district court. A new trial was refused, and *Gibson,* plaintiff, brings the case here.

*John W. Day,* and *Guthrie & Brown,* for plaintiff.

*W. J. Buchan,* and *F. B. Anderson,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Caroline Gibson, as administratrix of the estate of Thomas Gibson,

deceased, against the city of Wyandotte for $10,000 damages. The first question arising in the case is one with reference to the competency of certain jurors. Four of the jurors who tried the case, to-wit, J. R. Blanton, Edward Lane, J. E. Landers, and J. A. McConnell, were residents, citizens, and taxpayers of the said city of Wyandotte.

*1. Suits against city; incompetent jurors.* Before these jurors were sworn, they were duly challenged upon the ground that they were interested in the event of the suit. The court below tried these challenges upon the oaths of the jurors themselves, who severally stated that they were residents, citizens, and taxpayers of the said city of Wyandotte. Upon this evidence the court below held, and "decided, that the fact of the said jurors being residents and citizens of the said city of Wyandotte and taxpayers there, was not a sufficient ground of challenge to the jurors aforesaid, and that they were competent jurors for the trial of the cause." The plaintiff excepted to this ruling. She did not then challenge these jurors peremptorily, for she had already exhausted all of her peremptory challenges. These jurors were then sworn, along with the other jurors, to try the cause. A trial was had, and a verdict and judgment were rendered in the case in favor of the city, and against the plaintiff.

We think the court below erred in overruling the plaintiff's challenges. Said jurors were not competent to hear and determine this case. They were each personally interested in the result of the suit. We have no statute attempting to make such jurors competent, while the statute excluding jurors who have "an interest in the cause," (Gen. Stat. 680, § 270,) would render them incompetent. The common law would undoubtedly exclude such jurors. At common law jurors were required to be *omni exceptione majores*. And the great weight of authority, if not all authority, would exclude jurors interested in the cause as these jurors were. See *Diveny v. City of Elmira*, 51 N. Y. 506; *Wood v. Stoddard*, 2 Johns. 194; *Fine v. St. Louis, &c.*, 30 Mo. 166, 173; *Eberle v. Board, &c., of St. Louis*, 11 Mo. 247; *Mayor of*

*Columbus v. Gœtchens,* 7 Ga. 139; *Russell v. Hamilton,* 3 Ill. 56; *Watson v. Tripp,* (Supreme Court of Rhode Island,) 15 Am. Law Reg. (N. S.) 282; *Bailey v. Trumbull,* 31 Conn. 581; *Commonwealth v. Ryan,* 5 Mass. 90; *Cleage v. Hyden,* 6 Heiskell, (Tenn.) 73. The authorities cited by the defendant do not seem to have much application to this case, and yet they are probably the best that could be cited for that side of the question. Section 7 of the act relating to counties and county officers, (Gen. Stat. 254,) has no application to this case. It simply provides that an inhabitant of a county may be a competent juror in an action in which the county is interested, and it has no relation to inhabitants or taxpayers of cities. For the error in overruling such challenges, there must be a new trial.

We hardly think that it is necessary to decide any of the other questions presented by counsel in this case. But, if, on 2. Contributory negligence. a new trial, the plaintiff can show that the death of the deceased was caused through the negligence of the city, without at the same time showing that the deceased contributed to his injuries by his own negligence, she will *prima facie* be entitled to recover. In such a case the contributory negligence of the deceased would be matter for the defense. (*K. P. Rly. Co. v. Pointer,* 14 Kas. 38, 50, 51.) But if it should be shown by the evidence of either party that the deceased contributed by his own negligence to the injury which caused his death, then *prima facie* the plaintiff could not recover. In such a case it would devolve upon the plaintiff to rebut this evidence tending to show contributory negligence.

Judgment reversed, and cause remanded for a new trial.

All the Justices concurring.