LOUIS SARBACH v. OLIVE JONES.

1. GUARANTOR; *Indorsement of Note in Blank, Before Delivery.* In an action brought upon a promissory note to recover of one of the parties the amount due, and the bill of particulars filed before the justice in the case contains a copy of the note, the statement that the defendant placed his name on the back thereof before delivery and at the time it was made, and then, with the maker, delivered it to the payee, and also sets forth that such person is an indorser of the note, that demand has been made of the maker, and notice of protest has been given, and on appeal to the district court, the plaintiff, against the objection of the defendant, files an amended bill of particulars or petition, alleging the defendant is liable upon the note as a guarantor, *held,* not error, as such amendment only makes the cause of action of plaintiff definite and certain, and frees it from all the contradictions of the original bill of particulars.

2. WITNESS; *Insane Person; Sane at Time of Trial.* A person who has at some time, prior to the trial at which he is called upon to testify, been declared insane, and placed under guardianship, and thereafter, and before being introduced as a witness, has been duly adjudged sane and released from guardianship, is a competent witness in the case. Such witness, after his restoration to sanity, may testify respecting facts which occurred during the period he was under guardianship; and it is for the jury to judge of the credit that is to be given to his testimony.

*Error from Jackson District Court.*

THE district court, at October Term 1876, gave judgment in favor of *Jones* for $207.30, and costs, and *Sarbach*, defendant, brings the case here. All necessary facts and proceedings are set forth in the subjoined opinion.

*Chas. Hayden,* and *James H. Lowell,* for plaintiff in error.
*Hopkins & Taber,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced by Mrs. Olive Jones originally before a justice of the peace on a promissory note, dated 1st April 1875, made by one Wm. F. Creitz, for $175, payable to the order of Olive Jones, two months after date, and drawing interest at the rate of twelve per cent. per annum. The bill of particulars alleged that defendant Louis Sarbach indorsed the note in writing across the back thereof, on or about the 1st of April 1875, and with said Creitz, delivered it to the payee; that demand was made upon the maker, when the note became due, and notice given to the indorser. Trial was had, and judgment rendered by the justice in favor of Sarbach. Mrs. Jones appealed to the district court, and there obtained leave, over the objection of Sarbach, to amend her bill of particulars by alleging a contract of guaranty, to which Sarbach excepted; and he then answered, denying generally the allegations of the amended bill or petition, alleged that the indorsement was made long after the delivery of the note to the payee, and that there was no consideration therefor. The district court rendered judgment against Sarbach for the amount claimed, and he brings the case here for review.

I. Plaintiff in error alleges as material error the action of the court below in allowing the bill of particulars to be amended, for the reason, as claimed, that the amendment changed substantially the cause of action, in this, that the action upon an alleged contract of indorsement was changed

to an alleged contract of guaranty. No error was committed in permitting the amendment to be made. While it is true, that the original bill of particulars was unnecessarily prolix, and contained allegations contradictory to each other, still the actual facts set up therein of the act of plaintiff in error in placing his name on the back of the note at the time it was made, and before delivery, shows him presumptively to have been a guarantor, and not an indorser. The cause of action, by the amendment, was made definite and certain, and we perceive nothing prejudicial to the rights of Sarbach thereby. In this state, the law has long been settled, that persons, strangers to a note, by indorsing it at the time it is made, and before delivery to the payee, in the absence of proof, are presumed to be guarantors. *Firman v. Blood*, 2 Kas. 496.

II. Another alleged error was the introduction by the defendant in error of one Harvey Jones, as a witness in her behalf, against the objections of plaintiff in error. Upon this point, the record is as follows: At the time of offering Harvey Jones as a witness, Sarbach objected to his competency, upon the ground that "before the time said promissory note sued upon in this action was executed, said witness had been duly adjudged insane, and a guardian of his person and estate had been duly appointed, and that.ever since that time, and until long after the commencement of this action, to-wit, until the 6th of April 1876, the said witness had been under such guardianship as an insane person," all of which facts, constituting the grounds of said objection, Sarbach then and there offered to prove by the records of the probate court of Jackson county, and all of which facts, constituting said objections, said Olive Jones then and there in open court admitted to be true; and it was further admitted by the parties to the action, that since the commencement of this action the said Harvey Jones had been duly adjudged a person of sound mind; and thereupon the court overruled the objection, and permitted the witness to be sworn, to which ruling Sarbach at the time excepted. Afterward, Sarbach further objected to the witness answering any questions respecting

transactions occurring, during the period he was under guardianship as an insane person, and the court overruled such objection, and permitted the witness to answer the questions propounded to him about Sarbach signing his name on the back of the note on April 1st 1875 — to all which Sarbach excepted. The action of the court below was in no manner improper. The witness was, at the time of the trial, of sound mind, and had been legally released from guardianship. Within the statute, he was competent as a witness. While it is true, great doubt must necessarily attach itself to the evidence of persons who having recovered from a state of insanity, seek to testify to facts occurring during its existence, it is proper to admit the testimony, and it is for the jury to judge of the credit that is to be given to it. 1 Greenl. Ev., § 365, notes; *Holcomb v. Holcomb*, 28 Conn. 177; *Regina v. Hill*, 15 Jur. 471. A man may have many delusions, and yet be capable of narrating facts truly; and the existence of such delusions on his part, at the time of the occurrences which he is called upon to relate, goes to his credit, and not to his competency, when he is of sound mind at the time he is called upon to testify. As there can be neither perfect sanity, nor perfect insanity, so no witness, not incompetent within the statute, is to be absolutely excluded because he has been insane, and is called upon to narrate matters, some of which occurred while he is alleged to have been unconscious. "If a witness appears, on examination by the judge, or by evidence *aliunde*, to have been incapable, at the time of the occurrences which he is called to relate, of perceiving, or to be incapable at the time of the trial of relating, then he is to be ruled out." Wharton on Ev. 403. And by express provision of the statute, persons who are of unsound mind at the time of their production for examination are incompetent. Laws of 1872, ch. 165, § 1. In this case, Harvey Jones comes within none of these classes, nor any other making him incompetent, and his testimony was properly received.

III. We have examined the instructions which were ob-

jected to, but find no error contained therein prejudicial to plaintiff in error; and they so clearly state the law governing the case, upon the evidence elicited, that it is unnecessary to comment thereon.

The judgment of the district court will be affirmed.

All the Justices concurring.