WATKINS v. WATKINS.

No. 34435.   June 10, 1952.

*245 P. 2d 434.*

Reily, Reily & Spurr, Shawnee, for plaintiff in error.

Scott Hendon and Claude Hendon, Shawnee, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Pottawatomie county in favor of Laura Edna Watkins, by and through her duly appointed and acting guardian, George F. Ingram, and against her husband, William Richard Watkins, wherein the court entered a decree of separate maintenance against the said William Richard Watkins and ordered him to pay for her separate maintenance and support the sum of $50 per month payable on the 1st day of October, 1949, and to pay said sum on the first day of each month thereafter until further order of the court.

From this judgment William Richard Watkins appeals to this court and asserts the following assignments of error:

(1) "That the verdict and judgment is not sustained by sufficient evidence and is contrary to law.

(2) "The Court erred in granting the plaintiff judgment for separate maintenance which is not sustained by the evidence."

Under the first assignment of error the plaintiff in error contends that by reason of a stipulation of the parties the said Laura Edna Watkins was incompetent to testify as a witness in the case and she being the only witness who testified in her behalf there is no competent evidence to support the judgment of the court. The stipulation is as follows:

"It is stipulated by and between the parties to this action that the plaintiff is an incompetent person, and that she was first admitted under Pottawatomie Court Order No. 1028, in the year of 1936 to the State Institution for the Insane and Incompetent, that she has never been fully restored to her legal capacity, and that although released from that institution, she was later committed from the County Court of Osage County in Case No. 1004, on or about December 22, 1947, to the State Institution at Vinita, Oklahoma for insane and incompetent people, and that she was adjudicated in said Case No. 1004 to be an insane and incompetent person and that she has not been restored to her legal capacity."

Immediately following the above stipulation counsel for the defendant objected to the introduction of evidence on behalf of plaintiff in this action for the reason she was not mentally competent to maintain said action either by herself or through her guardian. There does not appear to have been any specific objection made to the legal capacity of the plaintiff to testify in her own behalf. However, it appears from the briefs filed by the respective parties that the objection made was considered by the parties to be sufficient to raise this question.

Title 12 O.S.A. §385, par. 1, is as follows:

"The following persons shall be incompetent to testify: 1. Persons who are of unsound mind at the time of their production for examination."

It is contended that this provision of the statute is a bar to the plaintiff's testifying in her own behalf. It is further contended that the fact she had been declared incompetent raised a doubt as to whether she was of unsound mind and that the court should have examined her to determine if she had sufficient understanding to apprehend the obligations of an oath and to be capable of giving correct account of the matters which she had seen or heard in reference to the question at issue, and whether she had the understanding necessary to qualify her as a witness. In this connection it should be noted that the stipulation did not say she was a person of unsound mind at the time she was produced for examination. It merely stated that she had been declared incompetent on more than one occasion and that she had not been restored to her legal capacity. In our opinion, the question for the court

to decide was not so much the question of her incompetency as it was the condition of her mind at the time she was produced for examination. This could best be determined by the court by observing her condition and her demeanor while on the witness stand and from the intelligence or lack of intelligence she displayed in answering the questions. Apparently the court felt she was sufficiently intelligent to understand the nature and obligation of an oath and to be capable of giving correct accounts of the matters at issue. This question was before the court in the case of City of Guthrie v. Lucy E. Shaffer, 7 Okla. 459, 54 P. 698. The third paragraph of the syllabus of that case is as follows:

"The statutes, by 'persons of unsound mind,' as used in section 335, Code Civ. Proc. St. Okla. 1893 (same as subdivision 1 of sec. 385, Title 12, O. S. 1951) relating to the competency of witnesses means persons whose minds are so defective that they cannot correctly relate facts and do not understand or realize what they are saying or doing. If one is sufficiently intelligent to understand the nature of an oath and can correctly relate facts and circumstances, he should be permitted to testify. * * *'" Also see Missouri-Kansas-Texas R. Co. v. Embrey, 168 Okla. 433, 33 P. 2d 481.

The question of the competency of the plaintiff to testify in her own behalf was before the trial judge. We cannot say from our examination of the record that he abused his discretion in holding that she had sufficient mental capacity to testify. As a matter of fact, in our judgment, she displayed the intelligence of an ordinary person and was competent to testify.

The second assignment of error asserts that the court erred in awarding plaintiff separate maintenance and fixing the amount thereof for the reason that the evidence did not warrant the court in making such a finding. It is asserted that there is no evidence that the defendant had committed any acts of abandonment or that he had committed any acts of gross neglect of duty towards her. They cite authorities to the effect that where a wife chooses to live separate and apart from her husband, there being no reasonable cause for the abandonment of her husband, he cannot legally be required to contribute to her maintenance, nor can alimony in any form be granted her. We agree that this is the law. However, we do not think the facts in this case justify the conclusion that the wife chose to live separate and apart from her husband. Her condition is indeed unfortunate for both her and her husband. The husband apparently felt that it was to the best interests of everyone that she be committed to an institution. The judgment of the county court confining her to the institution confirms that belief. She was confined to the institution and was there for several months. It then appeared that if properly supervised it would be all right for her to be out of the institution. If this were not true, steps should have been taken to recommit her. The husband had stated in the record that he did not want her back home. He felt she should have stayed in the institution. Again, the court must have felt that it was to the best interest of all parties concerned that they be allowed to live separate and apart. Apparently he was further of the opinion that her actions did not constitute a voluntary separation on her part. We think the evidence was sufficient to support such a finding.

Under all the facts and circumstances we feel that the judgment is amply supported by both the law and the evidence, and the same is hereby affirmed.

This court acknowledges the services of Attorneys Joe B. Houston, Joseph A. Gill and David R. Milsten, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, DAVISON, and O'-NEAL, JJ., concur.