JOHN R. INGRAM, plaintiff in error, *vs.* GREEN H. JORDAN, defendant in error.

1. That the plaintiff, by his son, the two being joint owners of the note sued upon, caused a contagious disease to be communicated to the defendant's horses, from horses belonging jointly to the father and son, so that one of the defendant's horses died and two others were injured, does not entitle the defendant to set off his damages against the plaintiff's demand on the note in suit.

2. But if the plaintiff, by express contract, undertook to answer for such damages, they may, although unliquidated, be set-off, the Code, section 3261, declaring that the defendant may set up as a defense all claims against the plaintiff of a similar nature with the plaintiff's demand; the meaning of which is that *torts* may be set against *torts* and contracts against contracts.

3. It is no defense to an action on a promissory note, that the plaintiff has made false and fraudulent representations to the defendant, touching a matter wholly disconnected with the note, whereby the defendant was damaged.

4. When a note which is the property of two, jointly, is payable to one only, or bearer, and is in suit in the name of the payee, neither a *tort* nor a contract by the other joint owner alone, is a subject matter of set-off to the action, without some special equitable circumstance; and the mere fact that the plaintiff in the action is a citizen of another state, is not such a circumstance.

Ingram *vs.* Jordan.

Set-off. Damages. *Torts.* Promissory notes. Before Judge JAMES JOHNSON. Taylor Superior Court. April Term, 1875.

Reported in the opinion.

E. H. WORRILL; PEABODY & BRANNON, for plaintiff in error.

W. S. WALLACE; BLANDFORD & GARRARD, for defendant.

BLECKLEY, Judge.

The action was upon a promissory note, given by the defendant and payable to the plaintiff or bearer. Besides other pleas, the defendant filed three pleas, called in the record the 3d, 4th and 5th, which were demurred to. The demurrer was overruled, and all the pleas were left to stand. The three pleas drawn in question by the demurrer, all had relation to the same subject matter, which was this: The defendant was damaged by putting into his stables diseased horses belonging jointly, to the plaintiff and his son, the disease being contagious, and being communicated to the defendant's horses, in consequence of which one of the them died and two others were injured. The defendant's consent to the stabling was given without knowing of the disease. The third plea presented the damages by way of set-off, and alleged that the plaintiff, through his son (a joint owner both of the horses and the notes sued on) procured permission to put the diseased horses in defendant's stables by falsely representing that they did not have the disease which they did have. The fourth plea presented the damages, also, by way of set-off, and averred a contract between plaintiff and defendant by which the former undertook and agreed, if the latter would allow the use of the stables, to pay all the damages that might result from the communication of disease to the defendant's horses. The fifth plea presented the damages, generally, by way of bar, and al-

leged that the plaintiff falsely and fraudulently represented the horses to be free from contagious diseases, etc.

1. The third plea, if it amounts to anything, alleges a *tort*, and, therefore, does not present matter of legal set-off to the plaintiff's action, which is founded on contract.

2. The fourth plea is in contract, and is within the Code, which allows the defendant to defend upon a claim of the same nature with the plaintiff's demand. Under this broad rule unliquidated damages may be the subject matter of set-off.

3. The fifth plea is also in *tort*, and the demurrer to it, as well as to the third plea, should have been sustained.

4. The jury found a verdict in favor of the defendant against the plaintiff for $325 00. This, we think, was unwarranted by the evidence. The damages proven did not amount to that much in excess of the plaintiff's demand, which stood wholly unimpeached. The evidence fails, moreover, to connect the plaintiff in any legal way with the damages sustained by the defendant. It is not shown that the son of the plaintiff, who alone acted in the transaction, was anything more than a joint owner of the diseased horses. It does not appear that he was in charge of the horses as a copartner of his father, or that he acted as his father's agent. There are glimpses of a partnership, but no sufficient evidence applying to the time of the damage and the transaction out of which it sprang. If, as partner or as agent, he had authority to make the contract alleged in the fourth plea, and did make it, the set-off might be made available. And if he has a real interest in the note sued upon in his father's name, and made the alleged contract without authority from his father, his interest in the note might be reached, no doubt, by proper equitable averments in the plea, if the facts warrant them. So, if the whole injury which the defendant has sustained rests in *tort*, so much of the note as belongs to whoever is responsible for the *tort* might be defended by calling into action the equitable powers of the court, through proper amendments to the pleas and the production of corresponding evidence. But the

mere fact that the plaintiff is a citizen of another state is insufficient. He may reside here in a way to be sued or have property here accessible to legal process; or the son, who is more obviously liable as being the immediate actor, may be here and in a situation to respond to all the defendant's damages.

Let the third and fifth pleas be stricken, and a new trial be granted.