SMITH, SON & BROTHER, plaintiffs in error, *vs.* PRINTUP BROTHERS & COMPANY, defendants in error.

1. To continue a case on the ground that the leading counsel is too sick to try, the affidavits of the parties must show that the application is not made for delay only, and that they expect to secure the services of the counsel at the next term.

2. A claim arising *ex delicto*—out of the wrongful seizure and conversion of iron—cannot be set-off against a suit on a draft brought by the payees against the drawers—the iron seized having no connection with the draft.

Continuance. Set-off. Before Judge UNDERWOOD. Floyd Superior Court. January Adjourned Term, 1877.

To the action set forth in the opinion, the defendants pleaded as follows :

That on the 9th day of May, 1875, they purchased from one W. S. McElwain three hundred tons of pig iron for the sum of $32.00 per ton, and said McElwain, by his contract in writing of said date, sold to the defendants said three hundred tons of pig iron, and in said contract obligated himself to deliver said iron to the defendants at Rome; that the said defendants paid to said McElwain on said purchase the sum of $8,267.40, a part of which had been paid prior to May 9, 1875, and the balance in various sums between said date and the 30th day of July, 1875 ; that said McElwain delivered to defendants only fifty tons of iron, besides the iron hereafter mentioned ; that he shipped for the defendants various other quantities of said iron, so purchased by them, by boat from Cedar Bluff, Ala., and delivered the

same on the wharf at Rome, at various dates prior to——
1875, amounting in the aggregate to about one hundred and
fifty tons, which he notified the defendants was a part of
their said purchase, and was for them, although by said con-
tract of sale he obligated himself to load said iron on the
cars at Rome; that the plaintiff's well knowing of the pur-
chase of said iron by the defendants, and that the same had
been shipped to them by the said McElwain, and that the said
McElwain was insolvent, which the defendants alleged to be
true, yet, contriving and designing subtily to defraud
the defendants, on the day and year last mentioned, took
possession of said iron and appropriated the same to their
own use. Whereupon the plaintiffs became indebted to the
defendants, and liable to pay them whatever sum the said
iron might reasonably be worth, and the defendants allege
the said iron to have been worth on the said day the sum
of $32.00 per ton, or in the aggregate $4,800.00, and the
plaintiffs being so indebted and liable to defendants on said
day and year, undertook and promised, in contemplation of
law, to pay the defendants said sum of $4,800, with lawful
interest thereon, to-wit, 12 per cent. per annum; yet the
plaintiffs, not regarding their said promise and undertaking,
have not paid said sum, nor any part thereof, but the same
to pay have hitherto wholly neglected and refused. Where-
upon the defendants plead this sum as a set-off to said ac-
tion, and pray judgment in their favor for the excess of
their said demand, over that of the plaintiffs sued on.

For the remaining facts, see the opinion.

WRIGHT & FEATHERSTON; J. W. EWING, for plaintiffs
in error.

DABNEY & FOUCHE, for defendants.

JACKSON, Judge.

This was a suit brought by Printup Bros. & Co. against
Smith, Son & Brother, as partners, on two bills of exchange,

drawn by them in favor of Printup Bros. & Co., on S. P. Smith, and accepted by him, and which he had not paid, but suffered to be protested.

1. The defendants moved for a continuance, on the ground that Joel Branham, Esq., their leading counsel, was sick, and could not attend court. The court refused to continue for the term, but put off the case, notifying the counsel, of whom there were three others, to be ready when the case was again called. About nine or ten days afterwards it was called, when Mr. Branham was in court, but still too feeble to participate actively in the management of the case. The motion to continue was renewed. The affidavit to continue was in writing, and did not comply with the statute, which requires the party to swear that the application was not made for delay, and that the counsel was expected to be present at the next term to render service in the case. The affidavits being defective in these two particulars, (see Code §3525), it is unnecessary to consider further the conduct of the court in respect to the continuance; though we could not say that it had abused its discretion, even if the parties' affidavits had been full.

2. The other error assigned is that the court erred in striking defendants' plea. The plea was to the effect that defendants had purchased iron from one McElwain, and paid him for it, which was sent by him to Rome, and seized by the plaintiffs wrongfully, though they knew it belonged to defendants, and the iron was worth more than the plaintiffs' debt now sued, by which plaintiffs owed defendants, and were liable to pay them the value of the iron, and defendants plead its value as a set off.

The question is, was the plea properly stricken?

In *Ingram vs. Jordan*, 55 *Ga.*, 356, this court held that, under section 3261 of the Code, demands of a smilar nature could be set off against each other—as contracts against contracts—torts against torts; but that one sort of demand could not be set off against another, as a tort against a contract.

There can be no doubt, we think, of the correctness of this decision. The section (3261) prescribes that " all claims arising *ex contractu* between the same parties may be joined in the same action, and all claims arising *ex delicto* may, in like manner, be joined. The defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand." Evidently, the latter clause of the section means, by the words, " of a similar nature," claims *ex contractu* against claims *ex contractu*, and those arising *ex delicto* against those *ex delicto*, may be set up or pleaded as a set-off, and that a tort, or claim springing out of a tort, should not be set off against a debt arising out of a contract.

In this case the suit is against these drawers of a bill of exchange—purely a contract—and it was sought to set off against such a claim a demand arising *ex delicto*—out of the wrongful conversion and seizure of iron. It cannot be done. So that the court was right to strike the plea.

Judgment affirmed.