### 441. ATLANTIC COAST LINE RAILROAD CO. *v.* BUNN.

1. Each party in a civil cause has the right to a panel of twenty-four impartial men from which to select the jury. To be entitled to sit on a case a juror must be *omni exceptione major,* and where it appears, before beginning to strike the jury, that any juror is, for any reason, disqualified, such juror should be excused for cause.

2. An employee is not a competent juror to try a case in which his employer is a party. Failure to remove jurors thus disqualified and to fill the panel as provided by the act of 1878, p. 145, is ground for new trial.

3. A road crossing, such as is referred to in the Civil Code, § 2222, is the crossing by a railroad of a public highway, not only used but maintained as such by the proper authorities having the same in charge. The evidence must show the road to be a public highway or street, and that such crosses the railroad, before there is proof of a road crossing. See *Johnson* v. *State,* 1 *Ga. App.* 195, 58 S. E. 265.

4. No other error appears.

Action for damages, from city court of Waycross—Judge Myers. March 23, 1907.

Submitted June 25,—Decided July 10, 1907.

*Bennet & Conyers, John C. McDonald,* for plaintiff in error.

*Wilson, Bennett & Lambdin,* contra.

RUSSELL, J. This case comes to this court on exceptions taken to the refusal to grant a new trial. Several assignments of error are presented, but in our view of the case it is only necessary to discuss one of them. The fourth ground of the amended motion for a new trial alleges, that "the court erred in refusing the motion made by counsel of movant to excuse from service on the jury, from the panel of jurors called to try said case, W. A. Sweat, J. P. Lide, and Will Youmans, who were employees of the plaintiffs, and by reason thereof disqualified to serve as jurors in said case; said motion having been made before commencing to strike or select the jury in said case; the same being error because: (a) The employees of parties litigant are presumed to be prejudiced. (b) The jury trying a cause should be perfectly impartial between the parties. (c) Any cause which would prompt a juror to lean in favor of one side or the other should be excuse or cause for such juror from serving on the jury, and thereby not force the side against which he would lean, to strike him therefrom and thereby lose any right as to strikes."

The employees of the plaintiff were disqualified as jurors. It

would not be questioned that under the express rule in the case
of *Central Railroad* v. *Mitchell,* 63 *Ga.* 173, the employees of the
defendant corporation should be held to be disqualified; and no
reason appears to us why the employees of one party would be
more likely to have a leaning, or to have prejudged the case, than
the employees of another party to the cause.    An employee,
whether of an individual, a partnership, or a corporation, may be,
in rare instances, an impartial juror in passing upon the rights
of his employer.    It is possible for a judge or juror to be so abso-
lutely fair that he could try his own cause.    But there must be
a rule upon the subject, and the only rule that can be adopted with
safety is one which recognizes the influence to which humanity
is generally susceptible, and not a rule based upon rare exceptions.

As said by Justice Jackson, in *Central Railroad* v. *Mitchell,*
supra: "It is almost impossible, however incorruptible one may
be, not to bend before the weight of interest; and the power of
employer over employee is that of him who clothes and feeds over
him who is fed and clothed.    Hence, the common law excluded
all servants, and our statutes have nowhere altered the rule, and
it should not be altered.    A close relative is a less dangerous juror,
if not a dependent kinsman, than one who is dependent on his
employer.    See 3 Chit. Black., side p. 363 ; Bacon's Abridg., Juries,
2, 347, 5, 353.    Tidd's Prac. 852, 3." The employees of a plain-
tiff should be disqualified as jurors for the same reason that they
would be if they were the employees of the defendant; and em-
ployees of a person or partnership should be disqualified for the
reason that would disqualify them if they were the employees of
a corporation.    A juror must be omni exceptione major.    If, then,
these three jurors were in fact employees of the plaintiffs, they
should have been excused for cause if proper objection was made
at the proper time.    A jury trial is a travesty unless the jurors
are impartial.

But it is insisted by learned counsel for the defendants in error
that the assignment of error is not in such legal shape as to inform
us what action was taken by the court below on the motion sub-
mitted by counsel for the defendant (now plaintiff in error) ; that
the defendant was not entitled to have the jurors excused simply
by calling the attention of the court to their disqualification; that
this court is not informed by the assignment of error what action

was taken in the court below on the question; and that the trial court may have found some evidence that the jurors were not disqualified to serve, for the reason alleged. For these reasons it is insisted by the defendant in error that the assignment of error does not bring to the attention of this court sufficient facts to enable it to determine whether the lower court committed error in refusing to excuse the jurors from service in the cause. We disagree with learned counsel as to this. The recitals of fact in the motion are fully approved and certified by the trial judge. We, of course, can not tell whether evidence was heard by the court touching the disqualification or not, but it is certified that the jurors objected to were employees of the plaintiff. It is immaterial to this court how knowledge of this fact was obtained by the trial judge; because no point is made that he became possessed of the fact improperly. The trial judge, by approving, without qualification, the grounds of the motion for a new trial, states that it *was a fact* that the jurors were employees of the plaintiff, and that he knew that fact before passing upon the motion of defendant's counsel. It would have been proper for the trial judge, if the question, as to whether the jurors were or were not employees of one of the parties, had been in issue, to hear evidence upon that subject; but from the wording of the assignment of error (which is certified by the judge to contain a true statement of fact) it can easily be inferred either that the statement by counsel of the employment of the jurors was admitted by the opposite party, or rested in the court's own knowledge; and in either event evidence would be unnecessary for the information of the court. The language of the fourth ground is "W. A. Sweat, J. P. Lide, and Will Youmans, who *were* employees of the plaintiffs," not who movant insisted or alleged were employees of the plaintiffs. If the wording of this ground had been W. A. Sweat, J. P. Lide, and Will Youmans, who movant contended were employees of the plaintiffs, the contention of learned counsel for the defendant in error would be sustained. It appears from the testimony of J. P. Lide, set forth in the record, that he was an employee of the plaintiffs, and it can reasonably be assumed that it was not insisted before the trial court that any one of the three jurors objected to was not an employee of the plaintiffs at the time that the defendant asked to have them excused for cause.

The jurors, then, were disqualified. Was the objection properly presented to the trial court? A party in a civil case is only required, where a juror is for any reason disqualified, to request the presiding judge to cause the panel to be filled. Penal Code, §854. The counsel for the plaintiff in error properly requested that the disqualified jurors be excused, and we think the refusal of the court to comply was such an error as demands a new trial. "The defendant had the right to a panel of twenty-four from which to strike—all twenty-four impartial men. 7 *Ga.* 139; 15 *Ga.* 39; 59 *Ga.* 145. He was denied this right. . . The denial was erroneous and hurtful. A big part of the battle is the selection of the jury, and an impartial jury is the corner-stone of the fairness of trial by jury." *Melson* v. *Dickson,* 63 *Ga.* 686. As the cause will be remanded for another hearing, we do not deem it necessary to deal more fully with the other assignments of error, than by reference to what is contained in the headnotes.

*Judgment reversed.*