## 39921. CONE v. JOHNSON et al.

GREGORY, Justice.

In early 1982 a movement to hold an election for the recall of three elected public officials[1] gained considerable momentum in Bleckley County. Appellant Cone actively participated in this movement, and on April 26, 1982, appellant filed the three recall petitions for verification with the probate judge of Bleckley County. See OCGA §§ 21-4-3(3)(B) and 21-4-4 (Code Ann. §§ 89-1903, 89-1904). The probate judge determined that a number of names on the petitions had previously been purged from the voter registration list[2] and that an additional number of signatures were not registered to vote. After deleting these names from the recall petitions, the probate judge concluded that the recall petitions did not bear the signatures of at least 30% of the registered voters in Bleckley County. He, therefore, denied the recall petition. OCGA § 21-4-4(a)(2) (Code Ann. § 89-1904).

Appellant subsequently filed a petition for mandamus against the probate judge to require the court to include in its calculations those electors who, allegedly, had been improperly purged by the Board of Registrars from the voter registration list. Additionally, appellant prayed that the probate court purge the 1980 general election voter list of those electors not qualified to vote in the 1980 general election.[3]

All officials sought to be recalled were named as defendants in the case.

Following a trial by jury in which a special verdict making findings of fact was returned, the trial court entered an order denying the petition for mandamus. This appeal followed.

(1) Appellant first argues that three of the jurors should have been disqualified as a matter of law because they were employees of

---

[1] These officers were the Superintendent of the Bleckley County Schools, a Bleckley County Commissioner and the Sheriff of Bleckley County.

[2] The registration of these electors had been suspended for failure to exercise their right to vote within three years. OCGA § 21-2-231 (Code Ann. § 34-620).

[3] Appellant also filed suit against the Sheriff of Bleckley County for the use of "undue pressure and influence" in causing persons who had signed the recall petitions to withdraw their names. Appellant prayed that the probate court be required to exclude all such requests for withdrawal made after the recall petitions had been filed for verification.

appellee Superintendent of Schools. The record indicates that two of these jurors were spouses of teachers in Bleckley County, but otherwise bore no relationship to any of the appellees. The third juror taught school in the Bleckley County system. Appellant relies on *Atlantic C. L. R. Co. v. Bunn,* 2 Ga. App. 305 (58 SE 538) (1907), for the proposition that, as a matter of law, an employee is not qualified to serve on the jury in a case where his employer is a party. However, that case also states, "[i]f, then, these three jurors were in fact employees of [a party], they should have been excused for cause *if proper objection was made at the proper time.*" 2 Ga. App. at 306. (Emphasis supplied.) We need not decide whether a teacher is an employee of the Superintendent of Schools, or an employee of the Board of Education, because no challenge for cause was made to any of these three jurors.

Appellant intensively questioned each of these jurors about his relationship to the Superintendent of Schools.[4] Each responded that this relationship would have no impact upon his ability to fairly and impartially decide the case. Thus, if there existed relationships of a disqualifying nature, as appellant suggests, they were known to appellant during the voir dire of these jurors and should have been raised at that time.

(2) Appellant urges that the trial court erred in overruling a challenge for cause based on the ground that a juror was not "competent and impartial" within the meaning of OCGA § 15-12-123(b) (Code Ann. § 59-704). See Davis, *Georgia Practice and Procedure* (4th Ed.) § 12-8, p. 199. Initially this juror stated that she did "not agree with the recall movement." The juror expressed concern that if she was required to base her decision on "feelings" rather than "visible facts," her feelings might "color [her] determination of the facts." At this juncture the trial court informed the juror that she would not be required to reach a decision based on "feelings," but that she would be called on only to decide disputed facts in the case based on the evidence presented by the parties. The juror then responded that if she "heard evidence on both sides of the issues in the case, [she] could resolve them without reference to [her] general dislike of the recall effort." Upon further inquiry by appellant, the juror stated she did "not feel [her] feelings would hinder her in making a decision." We do not find that the trial court erred in refusing to excuse this juror for cause. Our review of the voir dire does not indicate that this juror held beliefs which would prevent

---

[4] We point out that appellant's trial counsel does not represent him on this appeal.

her from arriving at a fair verdict. See, *Jones v. Cloud,* 119 Ga. App. 697 (168 SE2d 598) (1969).
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

McAllister & Roberts, J. Dunham McAllister, for appellant.
Kenneth R. Fielder, Alvin W. Arnold, W. Lonnie Barlow, for appellees.