72067. POULNOTT et al. v. SURGICAL ASSOCIATES OF
WARNER ROBINS, P.C. et al.
(345 SE2d 639)

SOGNIER, Judge.

Robert Poulnott and Hazel Poulnott brought suit for medical malpractice and loss of consortium against Surgical Associates of Warner Robins, P.C., Radiology Associates of Houston County, P.A., and three individual doctors. A jury trial was held and a verdict was returned in favor of all defendants. The Poulnotts appeal.

1. Appellants contend the trial court erred by failing to dismiss for cause Juror Middleton thus requiring appellants to use one of their peremptory strikes in order to remove him. Juror Middleton stated that his wife is a registered nurse who works in the surgical unit of the local hospital with one of the individual appellees, who was chief of staff at the hospital at the time of the trial. Juror Middleton stated he was casually acquainted with this individual appellee but that this acquaintanceship would not impair his ability to be fair and impartial and return a verdict against this doctor. It does not appear that Juror Middleton's wife was a witness in the case nor was she an employee of any of the appellees. Although Juror Middleton stated he did not think he could prevent his wife from discussing the case with him, he agreed that should his wife persist in speaking to him about the case after being informed that the judge had said she should not, Juror Middleton stated he would make his best effort to avoid hearing the discussion, by leaving the room or by taking a hotel room someplace.

The record of the voir dire examination reveals that Juror Middleton had no preconceived opinions on the suit as to which party should prevail in order to disqualify him under OCGA § 15-12-134, compare *Ellison v. Nat. By-Prods.*, 153 Ga. App. 475 (265 SE2d 829) (1980), nor was Juror Middleton related to any party involved in the litigation or any party with a financial interest in the outcome of the litigation. OCGA § 15-12-135 (a); compare *Stokes v. McNeal*, 48 Ga. App. 816 (173 SE 879) (1934). Although Juror Middleton's wife had a business relationship with one of the individual appellees, it was not a master-servant relationship but rather that of two professionals work-

ing in the same field. This is not the type of relationship contemplated by OCGA § 15-12-135 (a) as disqualifying a prospective juror. Compare *Daniel v. Bi-Lo, Inc.;* 178 Ga. App. 849 (344 SE2d 707) (1986). "The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. [Cit.]" *Hill v. Hosp. Auth.,* 137 Ga. App. 633, 636 I. (1) (b) (224 SE2d 739) (1976). We find no such abuse here.

2. Appellants contend the trial court erred by excluding evidence, prohibiting cross-examination and entering a protective order all relating to a surgical conference which took place the day prior to the hospital discharge of appellant Robert Poulnott. Appellants contend the minutes of this meeting would have impeached testimony by certain individual appellees that they were unaware Robert Poulnott had developed a hemotoma. OCGA § 31-7-143 (Code Ann. § 88-3204) provides that "[t]he proceedings and records of medical review committees shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee; and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof." " '(T)he purpose for the enactment of Code Ann. § 88-3204 [OCGA § 31-7-143] is to foster the delivery of quality medical services by preserving the candor necessary for the effective functioning of hospital medical review committees.' [Cit.] The statute legislatively approves the view that '(c)onstructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit.' [Cit.] 'It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence.' [Cit.]" *Hollowell v. Jove,* 247 Ga. 678, 680 (279 SE2d 430) (1981).

Appellants contend the surgical conference in question was not entitled to the protection of OCGA § 31-7-143 because it was not a "medical review committee." "Medical review committee" is defined in OCGA § 31-7-140 (Code Ann. § 88-3201) as "a committee of a state or local professional society or of a medical staff or a licensed hospital, nursing home, medical foundation, or peer review committee, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital or nursing home, which committee is formed to evaluate and improve the quality

of health care rendered by providers of health service or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health services in the area." Thus, in order for the information generated or maintained by a committee exercising review functions to be subject to the provisions of OCGA § 31-7-140 et seq., the committee must meet the qualifications set forth in OCGA § 31-7-140. *Hollowell*, supra at 683.

During a hearing on the granting of the protective order, there was testimony that the surgical conference in question was organized by the hospital's chief of staff pursuant to written bylaws for the purpose, in part, to evaluate and improve the quality of health care rendered by members of the vascular surgery staff and to otherwise critique the performance of individual doctors in cases involving that area of medicine. Although there was no set membership in this committee other than the chairperson and the committee functioned as an initial, rather than determinative, step in the hospital's peer review process, the testimony adduced at the hearing as to the committee's purpose and function clearly placed these proceedings within the parameters of OCGA § 31-7-140. Therefore, under OCGA § 31-7-143, the trial court properly determined that the surgical conference proceedings in question were privileged and confidential.

3. Appellants' final enumeration alleging error on the general grounds having been based upon the reasons set forth in their first two enumerations of error and decided adversely to appellants in the opinion above, the jury's verdict and the judgment thereupon is affirmed.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 7, 1986 —
REHEARING DENIED MAY 21, 1986 — 

*L. Z. Dozier, Thomas W. Malone,* for appellants.
*E. Bruce Benton, Joseph H. Chambless, Emitte H. Griggs,* for appellees.