A89A0888. DECUBAS et al. v. NORFOLK SOUTHERN CORPORATION et al.
(388 SE2d 336)

Benham, Judge.

Appellants brought suit for wrongful death in two counts, the first based on the Federal Employers' Liability Act (FELA), 45 USCA § 51 et seq., and the second on negligence. A trial was held solely to decide whether the deceased was an employee of the defendant railroad, the outcome of which was to decide whether the case proceeded as an FELA action or as a wrongful death action based on Georgia law. The jury found that the deceased was an employee of General Electric, not the railroad, effectively terminating the FELA action. Appellees then successfully sought removal of the negligence action to federal court.

1. Appellees have moved to dismiss this appeal on the ground that the judgment is interlocutory because the wrongful death action remains pending. However, under OCGA § 5-6-34, a judgment is final when the case is "no longer pending *in the court below*. . . ." Although the judgment here does not contain the finality language of OCGA § 9-11-54 (b) and is not specifically denominated as a final judgment, circumstances have made it so. " '[E]ven though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.' [Cit.]" *Vurgess v. State of Ga.*, 187 Ga. App. 700 (1) (371 SE2d 191) (1988). Since the removal of the negligence action to federal court left appellants with no recourse in the trial court and left that tribunal with no issues to resolve, the adverse judgment on the FELA claim became a final judgment even though the judgment itself did not say so specifically. The motion to dismiss is denied.

2. Appellants complain that the trial court erred in limiting cross-examination of two witnesses. The two witnesses were employees of General Electric, and appellants wanted to cross-examine them about their knowledge of an agreement by which General Electric had

promised to indemnify the defendant railroad for certain claims, including claims for the death of General Electric employees.

"[E]mployment may give rise to such an interest in the case as would bias a witness. . . ." *Central &c. R. Co. v. Bernstein*, 113 Ga. 175 (6) (38 SE 394) (1901). The proffer made by appellants showed that the witnesses were aware at the time they testified on behalf of the railroad defendant that their employer would be required to indemnify the railroad if appellants recovered a judgment. Under those circumstances, it was an abuse of the trial court's discretion to refuse to permit appellants to question the witnesses regarding their possible bias. Considering the impact of the ruling on both the evidence and on closing argument (the trial court refused to permit appellants to argue the issue of possible bias because there was no evidence to support the argument), we cannot hold the error to be harmless.

3. Since appellants are entitled to a new trial, and the errors complained of in the remaining enumerations of error are not likely to recur, we need not address appellants' remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 — 

*Taylor & Harp, J. Anderson Harp, Jefferson C. Callier*, for appellants.

*Blackburn, Bright, Edwards & Dodd, J. Converse Bright, Richard J. Joseph*, for appellees.