S90G0283. NORFOLK SOUTHERN CORPORATION et al.
v. DECUBAS et al.
(390 SE2d 216)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *Decubas v. Norfolk Southern Corp.,* 193 Ga. App. 387 (388 SE2d 336) (1989) to review its reversal of a jury verdict on the issue of which entity was the employer of the deceased in this wrongful death action. The outcome of the trial decided whether the case would proceed as a Federal Employers' Liability Act (FELA) action or a wrongful death action under Georgia law. The jury found the deceased was an employee of General Electric, not the railroad, thus terminating the FELA action.

The Court of Appeals held the trial court erred by limiting the plaintiffs' cross-examination of two witnesses, General Electric employees, about their knowledge of an agreement in which General Electric had promised to indemnify the defendant railroad for claims arising from the death of General Electric employees. In particular, the plaintiff attempted to ask one of the witnesses whether he understood that, if the jury rendered a verdict in the railroad's favor, the plaintiff would have a FELA action against the railroad which, in turn, would have a right to make a claim for indemnity against Gen-

eral Electric.[1] The Court of Appeals reasoned the trial court's refusal to allow this question on cross-examination improperly limited the plaintiffs' right to show the bias of the two witnesses in favor of General Electric.

Having reviewed the record, we conclude the error, if any, was harmless. The indemnification agreement itself was in evidence and in fact had been authenticated by one of the two witnesses. On cross-examination, without any objection, that witness read the indemnity clause into evidence and indicated he understood its general terms and had discussed the case with General Electric attorneys. The plaintiffs did not ask the other witness about his knowledge of the contract. Thus, contrary to the Court of Appeals' opinion, the trial court did permit the plaintiffs to cross-examine the witnesses about the indemnification agreement and their knowledge of it and the issue of bias on the part of these witnesses was clearly presented to the jury. Also, contrary to the Court of Appeals' opinion, the plaintiffs were permitted to argue, and did argue at length in closing argument, the bias of these and other witnesses. The plaintiffs were properly prohibited from arguing pressure was put on any General Electric employees because there was no evidence to support that argument. Moreover, the evidence that the decedent was a General Electric employee was overwhelming. Under all these circumstances, this was within the wide scope of discretion on the part of the trial court in limiting cross-examination.

*Judgment reversed. Clarke, C. J., Weltner, Bell, Fletcher, JJ., and Judge E. Mullins Whisnant concur; Smith, P. J., dissents. Benham, J., disqualified.*

SMITH, Presiding Justice, dissenting.

I would affirm based upon Division 2 of Justice, then Judge, Benham's opinion. *Decubas v. Norfolk Southern Corp.*, 193 Ga. App. 387 (388 SE2d 336) (1989).

DECIDED APRIL 12, 1990 —
RECONSIDERATION DENIED MAY 2, 1990.

*Blackburn, Bright & Edwards, J. Converse Bright,* for appellants.

---

[1] The question to which the objection was sustained was as follows:
So you talked to the GE attorneys. Now, have they explained to you in getting you down here that, if the jury agrees with the railroad, that GE does not have to indemnify the verdict, but if the jury agrees with this family and awards a verdict . . . ?

*Taylor & Harp, J. Anderson Harp, Jefferson C. Callier,* for appellees.