A89A0888. DECUBAS et al. v. NORFOLK SOUTHERN CORPORATION et al.
(399 SE2d 512)

COOPER, Judge.

This court entered a judgment in the above-styled case at 193 Ga. App. 387 (388 SE2d 336) (1989) reversing the judgment of the trial court. The Georgia Supreme Court granted certiorari in *Norfolk Southern Corp. v. Decubas*, 260 Ga. 136 (390 SE2d 216) (1990) and reversed our holding, in which we deemed it unnecessary to address one of appellant's enumerations of error. Accordingly, our judgment is hereby vacated, the judgment of the Supreme Court is made the judgment of this court, and we now address the remaining issue raised in appellant's appeal.

Appellant contends that the trial court erred in refusing to excuse for cause a prospective juror who knew one of the potential witnesses in the case. During voir dire, appellant's attorney asked the prospective juror whether he would tend to give the potential witness' testimony more credit than any other witness. The juror responded: "Like I say, he's a friend and I know him and I wouldn't know anybody else. I guess anybody would really, listen to somebody they knew over somebody they didn't know." Appellant's attorney then asked: "You tend to think he might be more truthful based on your knowledge of him as opposed to someone you don't know?" The juror responded: "Yeah, as far as I know. He's a pretty truthful man." When the trial court questioned the juror about whether he could listen to all the evidence from all the witnesses and give them the credit as the court instructed, the juror responded that he could do that regardless of who said what. The juror also stated: "I guess it's just according to how — what the situation was, just — say him against that fellow right there, I don't know him. Yeah, I'd probably believe what Joe said before I would that fellow. But, you know, if the evidence was leaning more toward that fellow, I'd go with what — whichever one had the most evidence I guess." " 'Although the juror's first response to the questions put to [him] indicated a possible bias

or prejudice on [his] part, the juror's opinion was not shown to be so " 'fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the case. [Cit.] [Cits.]' " *Jones v. State*, 184 Ga. App. 4 (2) (360 SE2d 599) (1987). "Whether to strike a juror for cause lies within the sound discretion of the trial court. [Cit.]" *Burley v. State*, 190 Ga. App. 75, 79 (4) (378 SE2d 328) (1989). Inasmuch as the juror indicated that he could fairly evaluate the evidence, we find no abuse of discretion in the trial court failing to strike the juror for cause. *Burley v. State*, supra.

*Judgment affirmed. Deen, P. J., concurs. Birdsong, J., concurs in judgment only.*

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED NOVEMBER 29, 1990 — 

Taylor & Harp, J. Anderson Harp, Jefferson C. Callier, for appellants.

Blackburn, Bright, Edwards & Dodd, J. Converse Bright, for appellees.