## A92A0801. GREEN v. WILCOX.
(424 SE2d 801)

SOGNIER, Chief Judge.

Jason Green, by his next friend, his mother, Tammie Green, brought a medical malpractice action against Dr. C. R. Wilcox alleging that during Green's birth Wilcox, an obstetrician, applied injudicious traction in attempting to correct shoulder dystocia, causing permanent partial paralysis of Jason's right arm. A jury returned a verdict in favor of Wilcox, and Green appeals.

In his sole enumeration of error, appellant contends the trial court erred by refusing his request to strike a juror for cause, forcing him to use a peremptory strike. The prospective juror in issue, Dr. Thomas Moss, is a local family practitioner who acknowledged he was personally acquainted with both parties. Dr. Moss is associated with the family practice teaching service at Floyd Medical Center, the hospital where appellee practices and appellant was born. Responding to questioning by appellant's attorney during voir dire, Dr. Moss admitted that he had "certain feelings about being sued," that he felt uncomfortable sitting on the jury in this case, and that "[i]t would be hard" to be fair and impartial under the circumstances of his occupation. When further questioned by the trial court, Dr. Moss first reiterated uncertainty about whether he could be impartial. Finally, however, in response to further questioning by the trial court regarding whether, if he were selected and "charged with the responsibility of determining what the facts are and applying the law to those facts," Dr. Moss replied: "I could do that." Following this colloquy, appellant's counsel requested that the trial court strike Dr. Moss for cause, which request was denied. The record on appeal has been properly supplemented by the inclusion of the clerk's jury selection list indicating that appellant struck Dr. Moss and exhausted his peremptory strikes, thus satisfying the requirement that appellant show harm. See *Collins v. Cooper*, 145 Ga. App. 559, 560 (1) (244 SE2d 95) (1978).

We note initially that although subsequent questioning of the panel revealed that Dr. Moss had been represented by appellee's attorney in a malpractice suit, we cannot consider this additional relationship in deciding appellant's enumeration, for appellant's attorney failed to renew his request that Dr. Moss be excused for cause after learning of this relationship. Since the trial court was deprived of the opportunity to rule on the issue of whether this additional factor was significant enough to require excusing Dr. Moss for cause, appellant waived his right to raise this additional factor on appeal. See *Bean v. Barron*, 176 Ga. 285 (1) (168 SE 259) (1933); see generally *Wooten v. McDonald*, 198 Ga. App. 293 (401 SE2d 314) (1991). Accordingly, we consider only the issue of whether the trial court erred by denying appellant's request to excuse Dr. Moss for cause because of his profes-

sional relationship with appellee.

The relationship between Dr. Moss and appellee was one of two doctors in different specialties who knew each other in the professional community. Dr. Moss denied any social or familial relationship with appellee, and appellant's attorney's careful questioning of Dr. Moss failed to reveal any relationship other than the professional one. Contrary to appellant's arguments, the relationship of two professionals working in the same field, even at the same hospital, is not one contemplated by OCGA § 15-12-135 (a) as disqualifying a prospective juror. *Poulnott v. Surgical Assoc. of Warner Robins, P. C.*, 179 Ga. App. 138-139 (1) (345 SE2d 639) (1986). Although Dr. Moss initially indicated that it would be difficult for him to be impartial, " '[t]he trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. (Cit.)' [Cit.]" Id. at 139 (1). Given Dr. Moss' responses to the trial court's questioning and his eventual agreement that he could decide the case based solely on the evidence presented, we do not find such manifest abuse here. See *Cone v. Johnson*, 251 Ga. 371, 372-373 (2) (306 SE2d 244) (1983); *Decubas v. Norfolk Southern Corp.*, 197 Ga. App. 768-769 (399 SE2d 512) (1990). The trial court did not err by denying appellant's request to excuse this juror for cause.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED NOVEMBER 6, 1992.

*Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., John E. Hawkins*, for appellant.

*Shaw, Maddox, Graham, Monk & Boling, C. Wade Monk II*, for appellee.